**BARON & BUDD, P.C.**
Scott Summy (*Pro Hac Vice,* TX Bar No. 19507500)
SSummy@baronbudd.com
Carla Burke Pickrel (*Pro Hac Vice,* TX Bar No. 24012490)
cburkepickrel@baronbudd.com
3102 Oak Lawn Ave, #1100
Dallas, Texas 75219
Telephone: (214) 521-3605

**BARON & BUDD, P.C.**
John P. Fiske (SBN 249256)
Fiske@baronbudd.com
11440 W. Bernardo Court, Suite 265
San Diego, California 92127
Telephone: (858) 251-7424

*Proposed Lead Class Counsel*

Mark Anstoetter (*Pro Hac Vice* forthcoming)
manstoetter@shb.com
Brent Dwerlkotte (*Pro Hac Vice,* MO Bar No. 62864)
dbdwerlkotte@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CITY OF LONG BEACH, a municipal corporation; COUNTY OF LOS ANGELES, a political subdivision; CITY OF CHULA VISTA, a municipal corporation; CITY OF SAN DIEGO, a municipal corporation; CITY OF SAN JOSE, a municipal corporation; CITY OF OAKLAND, a municipal corporation; CITY OF BERKELEY, a municipal corporation; CITY OF SPOKANE, a municipal corporation; CITY OF TACOMA, a municipal corporation; CITY OF PORTLAND, a municipal corporation; PORT OF PORTLAND, a port district of the State of Oregon; BALTIMORE COUNTY, a political subdivision; MAYOR AND CITY | CASE NO.: 2:16-cv-03493-FMO-AS<br><br>**STIPULATION AND UNOPPOSED REQUSET TO STAY ALL PROCEEDINGS AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Honorable Fernando M. Olguin<br><br>File Date:   August 21, 2020<br>Trial Date:   May 11, 2021 |

| | |
|---|---|
| COUNCIL OF BALTIMORE; all individually and on behalf of all others similarly situated, | |
| | Plaintiffs, |
| v. | |
| MONSANTO COMPANY; SOLUTIA INC., and PHARMACIA LLC, and DOES 1 through 100, | |
| | Defendants. |

Plaintiff City of Long Beach ("Plaintiff") and Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation (together "Defendants"), by their respective undersigned counsel, jointly move for a stay of all proceedings pending resolution of the Parties' proposed class action and Settlement Agreement. As grounds for this motion, the Parties state:

1. Plaintiff in this action is one of thirteen named class plaintiffs ("Named Class Plaintiffs") in a class action Complaint, which was filed with a motion for preliminary approval of a proposed nationwide settlement class on June 24, 2020, in the United States District Court for the Central District of California. *See* Motion for Certification, City of Long Beach v. Monsanto Co., ECF No. 191-1, Case No. 2:16-cv-03493-FMO-AS, at 10 (C.D. Cal. June 24, 2020).

2. The Named Class Plaintiffs and Defendants have executed a nationwide class action settlement to resolve allegations against Defendants related to Defendants' manufacture, sale, testing, disposal, release, marketing, promotion, or management of PCBs for alleged PCB-related environmental impairments, including impairments to water bodies ("Settlement Agreement").

3. On July 13, 2020, the Central District of California denied without prejudice Plaintiffs' motion, requesting additional information on the Parties to the nationwide settlement, and directing Plaintiffs to file a renewed motion for preliminary approval on or before July 27, 2020. *Id*., ECF 206. The Parties jointly requested a brief extension until August 7, 2020, in which to file a renewed motion. *Id*., ECF 209. On July 27, 2020, the Central District of California granted the Parties' requested extension.

The Parties worked diligently to address items in the Central District of California's Order and resubmitted the motion for preliminary approval on August 7, 2020.

4. Because the proposed nationwide settlement will resolve the above-captioned case, in the interest of judicial economy, Plaintiff and Defendants jointly request that the Court stay all proceedings in the above-captioned case pending resolution of the proposed class action and Settlement Agreement.

5. A district court has the inherent power to stay its proceedings. This power to stay "is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Center for Biological Diversity v. Hensen,* 2009 WL 1882827 at *2 (D. Or. 2009) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) judicial resources that would be saved. *Id.* (citations omitted).

6. Here, as both parties are moving for this stay to further the interests of judicial economy, and there is no hardship, damage or prejudice that could befall any non-moving party (as there is no non-moving party), the stay should be granted.

WHEREFORE, for the foregoing reasons, the parties respectfully move for a stay of all proceedings.

Dated this 21st day of August, 2020.

Respectfully submitted,

/s/ John Fiske
**BARON & BUDD, P.C.**
Scott Summy (*Pro Hac Vice,* TX Bar No. 19507500)
SSummy@baronbudd.com
Carla Burke Pickrel (*Pro Hac Vice,* TX Bar No. 24012490)
cburkepickrel@baronbudd.com

3102 Oak Lawn Ave, #1100
Dallas, Texas 75219
Telephone: (214) 521-3605

**BARON & BUDD, P.C.**
John P. Fiske (SBN 249256)
Fiske@baronbudd.com
11440 W. Bernardo Court, Suite 265
San Diego, California 92127
Telephone: (858) 251-7424

*Proposed Lead Class Counsel*

Mark Anstoetter (*Pro Hac Vice* forthcoming)
manstoetter@shb.com
Brent Dwerlkotte (*Pro Hac Vice*, MO Bar No. 62864)
dbdwerlkotte@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547

*Attorneys for Defendants*