Rachel E. Morowitz SBN (326385)
rmorowitz@kellerrohrback.com
Amy Williams-Derry
(*pro hac vice forthcoming*)
awilliams-derry@kellerrohrback.com
Daniel P. Mensher
(*pro hac vice forthcoming*)
dmensher@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900, Fax (206) 623-3384

Matthew J. Preusch SBN (298144)
mpresuch@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101-1598
(805) 456-1496, Fax (805) 456-1497

*Attorneys for Initial Settlement Class Member*
*City of Seattle*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CITY OF LONG BEACH a municipal corporation; et al.; , <br><br> Plaintiffs, <br><br> v. <br><br> MONSANTO COMPANY SOLUTIA INC., et al., <br><br> Defendants. | No. 2:16-cv-03493-FMO-AS <br><br> **DECLARATION OF LAURA WISHIK IN SUPPORT OF INITIAL SETTLEMENT CLASS MEMBER CITY OF SEATTLE'S OBJECTION TO MOTION FOR PRELIMINARY APPROVAL REGARDING RELEASE AND CONTRIBUTION** <br><br> Date: September 17, 2020 <br> Time: 10:00 am |

1
CASE NO.: 2:16-cv-03493-FMO-AS
DECLARATION OF LAUARA B. WISHIK

Judge: Fernando M. Olguin
Crtrm: 6D

Action Filed: May 19, 2016
Trial Date: May 11, 2021

**ORAL ARGUMENT REQUESTED**

I, Laura B. Wishik, declare as follows:

I am over eighteen years of age and make this declaration from my personal knowledge.

1. I am an Assistant City Attorney for the City of Seattle and the City's lead in-house counsel regarding the Lower Duwamish Waterway and the City's lawsuit against Monsanto.

2. The City of Seattle sued the Monsanto companies in 2016. The primary claim is that Monsanto manufactured and sold PCBs for use in products, such as exterior paint and caulk, that release PCBs during normal use. The released PCBs enter the City's stormwater system and the receiving water body, the Lower Duwamish Waterway, thereby creating a public nuisance.

3. Solely due to PCB contamination, the Washington Department of Health has determined that it is unsafe to eat any fish or shellfish that reside in the Lower Duwamish. A study of people who continue to fish and collect shellfish from the Lower Duwamish determined that they are mostly immigrants and low-income people who rely on the seafood for food.

4. The City's trial experts are continuing to develop their opinions regarding the cost to abate the public nuisance, however, it appears that the cost for future abatement actions will be greater than $600 million.

5. PCBs are the only contaminant in the Lower Duwamish that EPA has identified as requiring site-wide cleanup to a site-wide average concentration level. For this and other reasons, it is apparent that PCBs are "the driver" of the planned remediation of the Lower Duwamish.

6. The City of Seattle, King County and the Port of Seattle signed an EPA Administrative Order in 2000 to investigate contamination in the Lower Duwamish.

7. In the twenty years since the City of Seattle signed the EPA Administrative Order regarding the Lower Duwamish, the City has incurred millions of dollars in costs. The City has also incurred costs to look for the sources of PCBs that continue getting into the City's drainage system and to remove PCBs from the drainage system.

8. In 2016, EPA estimated the cost of its selected remedy would be $342 million dollars. By the time construction begins, the cost is expected to be $500 million or more. EPA plans to start negotiating the Consent Decree with the Potentially Responsible Parties in the near future. The City likely will sign the Consent Decree implementing EPA's selected remedy for the Lower Duwamish.

9. The City of Seattle, King County and the Port of Seattle are participating with other parties in a confidential alternative dispute resolution process, called the

3

Duwamish Allocation, to resolve their respective percentages of liability for past and future costs to investigate and remediate contamination in the Lower Duwamish Waterway.  The City, King County and the Port of Seattle are seeking to recover costs from each other, as well as from the other participating parties.

10. Pharmacia is also participating in the Duwamish Allocation.  Pharmacia is a Potentially Responsible Party due to alleged releases of PCBs from a plant adjacent to the Lower Duwamish that manufactured glue, resin and vanillin.

11. The Duwamish Allocation began in 2014 and is ongoing.  It is expected to be completed in 2021.

12. Another CERCLA site, known as the East Waterway, is downstream of the Lower Duwamish.  The City, King County and the Port of Seattle also are paying the costs to investigate contamination there.  Pharmacia may be a Potentially Responsible Party for the East Waterway due to releases of contaminants from its manufacturing plant on the Lower Duwamish that moved downstream.

13. Although the City was not sure that the pre-filing conference requirement applied to the City's Objection, the City did its best to confer with counsel for the Plaintiffs and counsel for the Defendants before filing.  One of the City's attorneys, Amy Williams-Derry, spoke by phone with Class Counsel Scott Summy.  He indicated the Plaintiffs would not consider amending the proposed Settlement.  Ms. Williams-Derry tried to reach counsel for Monsanto by phone and, when she was not successful,

4

CASE NO.: 2:16-cv-03493-FMO-AS
DECLARATION OF LAUARA B. WISHIK

1  exchanged letters with Mark Anstoetter at Shook, Hardy and Bacon.  Mr. Anstoetter's reply letter is attached to this Declaration.

14.   The City again tried to reach Mr. Anstoetter by phone and the City's attorney, Daniel Mensher succeeded.  They were unable to resolve the issues prior to the deadline for filing the City's objection.

Signed under penalty of perjury under the laws of the State of Washington on August 27, 2020.

                                              *s/ Laura B. Wishik*
                                              Laura B. Wishik

**CERTIFICATE OF SERVICE**

I certify that on 27th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all known counsel of record.

By: *s/ Rachel E. Morowitz*
Rachel Morowitz

4836-7753-1337, v. 1

# EXHIBIT A

**SHOOK**
HARDY & BACON

July 15, 2020

Mark D. Anstoetter
2555 Grand Blvd.
Kansas City
Missouri 64108-2613
**t** 816.474.6550
**d 816.559.2497**
**f** 816.421.5547
manstoetter@shb.com

Amy Williams-Derry
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
awilliams-derry@kellerrohrback.com

Re:   *City of Long Beach et al. v. Monsanto Co. et al.*, No. 2:16-cv-3493-FMO-AS

Dear Ms. Williams-Derry:

This letter responds to your July 9, 2020 letter on behalf of the City of Seattle in which you request that Monsanto comment on certain provisions of the Settlement Agreement in the above-referenced action.

Any legal questions raised in your letter are properly addressed by the Office of the Seattle City Attorney. Notwithstanding, we offer the following information regarding the Settlement Agreement in response to your questions.

It is well-established class action jurisprudence that a party who timely opts out of a settlement class is not a "Releasing Person" as that term is defined in the Settlement Agreement. "Releasing Persons" include Named Class Plaintiffs and Settlement Class Members. Agreement ¶ 43. The City of Seattle is not a Named Class Plaintiff, and would not be a Settlement Class Member if it chooses to "timely and properly request exclusion from the Settlement Class." *Id.* ¶ 54.

Further, under the Agreement, only "Releasing Persons" release the "Released Claims." *Id.* ¶ 106. The Agreement expressly states that the "Releases provided herein shall be mutual between Plaintiffs, Settlement Class Members, and Releasing Persons, on the one hand, and Defendant and Released Persons on the other hand." *Id.* ¶ 41. As stated above, the City of Seattle is not a Named Plaintiff and, if it opts out of the class, would not be a Settlement Class Member or a Releasing Person.

Finally, you request a legal opinion as to the potential application of contribution protection language in Paragraph 106 of the Settlement Agreement to claims the City of Seattle asserts or might assert in the future. We cannot offer legal opinions as to the application of fact and law.

4852-0960-0706 v1

ATLANTA | CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | LOS ANGELES | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.



We hope that the above information is helpful to you and your client.

Sincerely,

Mark D. Anstoetter
Partner


cc:     Scott Summy, Baron & Budd (ssummy@baronbudd.com)
        Carla Burke Pickrel, Baron & Budd (cburkepickrel@baronbudd.com)
        John Fiske, Baron & Budd (fiske@baronbudd.com)

4852-0960-0706 v1