1   XAVIER BECERRA
    Attorney General of California
2   DAVID A. ZONANA
    Supervising Deputy Attorney General
3   ROXANNE J. CARTER
    Deputy Attorney General
4   State Bar No. 259441
     600 West Broadway, Suite 1800
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone:  (619) 738-9416
7    Fax:  (619) 645-2271
     E-mail:  Roxy.Carter@doj.ca.gov
8   *Attorneys for the People of the State of California*

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12

13

| | |
|---|---|
| **CITY OF LONG BEACH, a municipal corporation; COUNTY OF LOS ANGELES, a political subdivision; CITY OF CHULA VISTA, a municipal corporation; CITY OF SAN DIEGO, a municipal corporation; CITY OF SAN JOSE, a municipal corporation; CITY OF OAKLAND, a municipal corporation; CITY OF BERKELEY, a municipal corporation; CITY OF SPOKANE, a municipal corporation; CITY OF TACOMA, a municipal corporation; CITY OF PORTLAND, a municipal corporation; PORT OF PORTLAND, a port district of the State of Oregon; BALTIMORE COUNTY, a political subdivision; MAYOR AND CITY COUNCIL OF BALTIMORE; all individually and on behalf of all others similarly situated,** | CASE NO.: 2:16-cv-03493-FMO-AS<br><br>**NOTICE OF POSSIBLE AMICUS BRIEF FROM STATE ATTORNEYS GENERAL**<br><br>Judge:      Hon. Fernando M. Olguin<br>Courtroom:  6D<br>Hearing Date:  November 5, 2020 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | |
| 2 | Plaintiffs, |
| 3 | **v.** |
| 4 | **MONSANTO COMPANY;** |
| 5 | **SOLUTIA INC., AND PHARMACIA LLC, AND DOES 1 THROUGH 100,** |
| 6 | Defendants. |
| 7 | |

8   NOTICE TO THE COURT, AND ALL PARTIES BY AND THROUGH

9   COUNSEL:

10

11   Please take notice that the Attorneys General for 21 sovereign states—

12   Maryland; California; Alaska; Arizona; Connecticut; Delaware; Hawaii; Iowa;

13   Maine; Massachusetts; Michigan; Minnesota; New Jersey; New Mexico; Oregon;

14   Rhode Island; Texas; Tennessee; Utah; Vermont; and Wisconsin (hereinafter "State

15   Attorneys General")—have concerns about the proposed class action settlement

16   agreement in the above-captioned case.  Accordingly, the State Attorneys General

17   anticipate requesting permission to file an amicus brief before any final approval

18   hearing.

19   The State Attorneys General hereby file this NOTICE OF POSSIBLE

20   AMICUS BRIEF FROM STATE ATTORNEYS GENERAL and the letter attached

21   hereto as Exhibit A in order to provide the court notice in advance of the November

22   5, 2020 preliminary approval hearing of their concerns.

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

1    Nothing in this NOTICE or the attached Exhibit is intended to constitute an

2 appearance by or subject to jurisdiction the People of the State of California, or any

3 other state mentioned herein.

4 Dated:  October 21, 2020                    Respectfully submitted,

5                                            XAVIER BECERRA
                                            Attorney General of California
6                                            DAVID A. ZONANA
                                            Supervising Deputy Attorney General
7

8

9                                            /s/ Roxanne J. Carter
                                            ROXANNE J. CARTER
10                                           Deputy Attorney General
                                            *Attorneys for the People of the State of*
11                                           *California*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **City of Long Beach v.**              No.            **16-cv-03493**
             **Monsanto Company et al**

I hereby certify that on <u>October 21, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### NOTICE OF POSSIBLE AMICUS BRIEF FROM STATE ATTORNEYS GENERAL

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 21, 2020</u>, at San Diego, California.

|  |  |
|---|---|
| Charlette Sheppard | /s/ Charlette Sheppard |
| Declarant | Signature |

SD2016301491
82559796.docx

**INDEX OF EXHIBIT**

| NO. | EXHIBIT | PAGE NO. |
|-----|---------|----------|
| A. | Letter from the State of Maryland dated October 21, 2020 | 7-10 |

# EXHIBIT A

**BRIAN E. FROSH**
*Attorney General*



**ELIZABETH F. HARRIS**
*Chief Deputy Attorney General*

**CAROLYN QUATTROCKI**
*Deputy Attorney General*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**

FACSIMILE NO.
(410) 537-3943

WRITER'S DIRECT DIAL NO.
(410) 537-3452
Email: matthew.zimmerman@maryland.gov

October 21, 2020

The Honorable Fernando M. Olguin
United States District Court
Central District of California
Western Division

      RE:   *City of Long Beach, et al. v. Monsanto Company, et al.*
             Case No. 2:16-cv-03493-FMO-AS

Dear Judge Olguin:

      The States of Maryland, Alaska, Arizona, California, Connecticut, Delaware, Hawaii, Iowa, Maine, Massachusetts, Michigan, Minnesota, New Jersey, New Mexico, Oregon, Rhode Island, Tennessee, Texas, Utah, Vermont, and Wisconsin (the "States") collectively, write to express their concerns about the Motion for Preliminary Approval of Class Action Settlement that was filed in the above-referenced matter on August 7, 2020. The States have contacted lead counsel for the parties to this matter to raise their concerns and to request that the problematic provisions be removed or modified, but to date there is no indication that this has happened. Although one or more of the States may offer a formal brief to the Court at a later stage if these issues are not addressed by the parties, the purpose of this letter is to alert the Court to the States' concerns prior to the Preliminary Approval Hearing scheduled for November 5.

      Although the States are not class members or parties to this matter, Monsanto has provided our Attorneys General with notice of the Settlement Agreement as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). State Attorneys General have a role in the class action settlement approval process and seek to voice concerns when appropriate. *See* 28 U.S.C. § 1715; *see also* S. REP. 109-14, 2005 U.S.C.C.A.N. 3, 6 (requirement "that notice of class action settlements be sent to appropriate state and federal officials," exists "so that they may voice concerns if they believe that the class action settlement is not in the best interest of their citizens."); *id.* at 34 ("notifying appropriate state and federal officials ... will provide a check against inequitable settlements"; "Notice will also deter collusion between class counsel and defendants to craft settlements that do not benefit the injured parties.").

      Paragraph 81 of the Settlement Agreement reduces payments to class members in a state whose Attorney General subsequently files a lawsuit against Monsanto related to PCBs. More

200 Saint Paul Place ❖ Baltimore, Maryland, 21202-2021
Main Office (410) 576-6300 ❖ Main Office Toll Free (888) 743-0023
Consumer Complaints and Inquiries (410) 528-8662 ❖ Health Advocacy Unit/Billing Complaints (410) 528-1840
Health Advocacy Unit Toll Free (877) 261-8807 ❖ Homebuilders Division Toll Free (877) 259-4525 ❖ Telephone for Deaf (410) 576-6372
www.marylandattorneygeneral.gov

Exhibit - A
Page 7 of 10

Page 2

specifically, the paragraph triggers an immediate twenty-percent reduction in the sum due class members upon the mere <u>filing</u> of suit by their state's Attorney General—without reference to the eventual outcome of that suit, and regardless of whether the class member could even have brought the claims raised by the state. Paragraph 81 thus has the dual effect of discouraging the state from suing in the first place and sowing internal discord if it does. This provision contravenes public policy because it arbitrarily serves to discourage law enforcement actions by state Attorneys General by driving a wedge between the states and their local jurisdictions. Indeed, if this paragraph remains, a state could not bring an action for the benefit of all its citizens without reducing benefits already allocated to some.

Paragraph 41 of the Settlement Agreement purports to release a universe of claims that is much broader than the claims asserted in the complaint, including claims that could not have been brought by class members in the first instance. PCB contamination typically spreads through the movement of stormwater into streams, rivers, lakes, and bays. The laws protecting these waters vary from state to state, but they are under the protection of federal, state, and local governments, and claims for injury to those waters should not and cannot be swept up by broad release language such as that found in the Settlement Agreement. To be clear, because states are not members of the proposed class, the Settlement Agreement cannot have any legal effect on their rights. Nonetheless, it offends public policy for the Settlement Agreement to even hint at compromise of claims that only states can bring.

Under Rule 23(e)(2), a Court may approve a proposed settlement only after finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The States believe the Settlement Agreement fails this standard because it penalizes class members for state enforcement actions and thus impedes the States' fulfillment of their duty to protect their jurisdictions' waters in the public trust. Accordingly, the States respectfully request that the Court disapprove the proposed settlement agreement so long as it contains language that is intended to dissuade state Attorneys General from taking action for the benefit of all the citizens of their respective states.

The Attorneys General listed below have authorized me to say that they join in this letter.

Respectfully submitted,

BRIAN E. FROSH
*Attorney General of Maryland*

XAVIER BECERRA
*Attorney General of California*

CLYDE "ED" SNIFFEN, JR.
*Acting Attorney General of Alaska*

MARK BRNOVICH
*Attorney General of Arizona*

Page 3

**WILLIAM TONG**
*Attorney General of Connecticut*

**KATHLEEN JENNINGS**
*Attorney General of Delaware*

**CLARE E. CONNORS**
*Attorney General of Hawaii*

**TOM MILLER**
*Attorney General of Iowa*

**AARON M. FREY**
*Attorney General of Maine*

**MAURA HEALEY**
*Attorney General of Massachusetts*

**DANA NESSEL**
*Attorney General of Michigan*

**KEITH ELLISON**
*Attorney General of Minnesota*

**GURBIR S. GREWEL**
*Attorney General of New Jersey*

**HECTOR BALDERAS**
*Attorney General of New Mexico*

**ELLEN F. ROSENBLUM**
*Attorney General of Oregon*

**PETER F. NERONHA**
*Attorney General of Rhode Island*

Page 4

**KEN PAXTON**
*Attorney General of Texas*

**HERBERT H. SLATERY III**
*Attorney General of Tennessee*

**SEAN D. REYES**
*Attorney General of Utah*

**THOMAS J. DONOVAN, JR.**
*Attorney General of Vermont*

**JOSHUA L. KAUL**
*Attorney General of Wisconsin*