# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CITY OF LONG BEACH, a municipal corporation; COUNTY OF LOS ANGELES, a political subdivision; CITY OF CHULA VISTA, a municipal corporation; CITY OF SAN DIEGO, a municipal corporation; CITY OF SAN JOSE, a municipal corporation; CITY OF OAKLAND, a municipal corporation; CITY OF BERKELEY, a municipal corporation; CITY OF SPOKANE, a municipal corporation; CITY OF TACOMA, a municipal corporation; CITY OF PORTLAND, a municipal corporation; PORT OF PORTLAND, a port district of the State of Oregon; BALTIMORE COUNTY, a political subdivision; MAYOR AND CITY COUNCIL OF BALTIMORE; all individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br>v.<br><br>MONSANTO COMPANY; SOLUTIA INC., and PHARMACIA LLC, and DOES 1 through 100,<br>                  Defendants. | CASE NO.: 2:16-cv-03493-FMO-AS<br><br>**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, APPOINTING SPECIAL MASTER, APPOINTING CLASS ACTION SETTLEMENT ADMINISTRATOR, AND APPOINTING CLASS COUNSEL**<br><br>Time of Hearing: 10:00 a.m.<br>Date of Hearing: February 4, 2021<br>Courtroom: 6D<br>Honorable Fernando M. Olguin<br><br>File Date:     May 19, 2016 |

Upon consideration of *Plaintiffs' Renewed Motion for Certification of Settlement Class, Preliminary Approval of Class Action Settlement, Approval of Notice Plan, Appointment of Special Master, Appointment of Class Action Settlement Administrator, and Appointment of Class Counsel*, the Settlement Agreement entered into by the Parties on June 24, 2020, and the pleadings and other materials on file in the above-captioned actions, IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Approval is GRANTED.

The Court FURTHER ORDERS AS FOLLOWS:

1. The Settlement Agreement and its exhibits are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2. For purposes of the Settlement, the Class shall be defined as

    > "As of June 24, 2020 only, but not later, all NPDES Phase I and II city, town, village, borough, township, and independent port district MS4 permittees with jurisdictional boundaries within a HUC 12 Watershed that contains and/or is immediately adjoining a 303(d) water body impaired by PCBs and all NPDES Phase I and II county MS4 permittees with urbanized, unincorporated boundaries within a HUC 12 Watershed that contains and/or is immediately adjoining a 303(d) water body impaired by PCBs."

3. Subject to further consideration at the Preliminary Approval Hearing described in paragraph 19 below, this Court finds that the Class meets the requirements of Fed. R. Civ. P. 23 for purposes of the Settlement.

4. For purposes of the Settlement, and after considering the pertinent factors in Fed. R. Civ. P. 23, the Court designates as the representatives of the Class (the "Representative Plaintiffs") the following: City of Long Beach, County of Los Angeles, City of Berkeley, City of San Diego, City of Oakland, City of San Jose,

Mayor and City Council of Baltimore, Baltimore County, City of Chula Vista, Port of Portland, City of Portland, City of Spokane, City of Tacoma.

5. For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and for the reasons set forth in the Certification Order, the Court appoints the following attorneys as Class Counsel: <u>Lead Class Counsel</u>: Scott Summy, John Fiske, and Carla Burke Pickrel of Baron & Budd, P.C.; and <u>Co-Class Counsel</u> John Gomez of Gomez Trial Attorneys, John R. Wertz, Esq., and Richard Gordon and Martin Wolf of Gordon Carney & Wolf.

6. The Court appoints as Special Master Hon. Jay C. Gandhi (Ret.). to be responsible for the administration and implementation of the settlement. The Special Master shall regulate the proceedings, take appropriate measures to perform his assigned duties fairly and efficiently; and is appointed to compel, take, and record evidence in accord with Federal Rule of Civil Procedure 53(c). The Special Master may by order impose on a party any non-contempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty. The Special Master shall have the discretion to decide whether an in-person hearing is necessary to resolve a dispute or whether the dispute may be resolved through a telephonic hearing or only through written submissions. The Court orders the Special Master to proceed with reasonable diligence and specifically orders the following:

7. Duties. The Special Master (with the assistance of Mediator Lexi Myers and Allocation Experts Michael Trapp and Rob Hesse) shall allocate certain Settlement Funds, make final Allocation determinations, implement the Allocation, and direct distribution of Settlement Funds, as necessary to further develop and implement the Allocation. The Special Master has all authority permitted by Federal Rule of Civil Procedure 53 to perform the duties consented to by the parties.

8. *Ex parte* Communications. The Special Master may communicate ex parte with the Court regarding the instant case. No party shall communicate with the Special Master *ex parte* unless otherwise permitted by the Special Master.

9. Record of Master's Activities. In making Allocation determinations, the Special Master will rely solely on the applications and documents submitted and will not include oral advocacy, presentation, interview, or interactive process. All applications and documents submitted to the Special Master for the Allocation will be and will remain confidential, and subject to Federal Rule of Evidence section 408 and state law equivalent code sections, to this Settlement Allocation process and shall not be disclosed or shared beyond the review of the following: the Special Master, the Allocation Experts, Lead Class Counsel, the Class Action

Settlement Administrator, and the Court. At the discretion of the Special Master, Defendant may have access to the information for business purposes only, such as insurance or other business needs, provided however that such materials are maintained by Defendant as confidential to the extent legally allowable.

10. The Special Master shall begin the Allocation process within 65 days of issuance of Preliminary Approval Order and shall use best efforts to conclude the Allocation process within 65 days.

11. The Court will review *de novo* the Special Master's decisions, orders, findings, and recommendations.

12. The Special Master will be compensated on an hourly basis for his work (at the rate of $2,000 per hour) and the work of Lexi Myers (at the rate of $600 per hour) in performing the tasks necessary to administer and implement the settlement.

13. For purposes of the Settlement, the Court appoints Steven Weisbrot of Angeion Group, LLC as Class Action Settlement Administrator. The Parties are hereby authorized to retain the Class Action Settlement Administrator to assist in effectuating the terms of and administering the Notice Plan.

14. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily approves the terms of the Settlement Agreement, and the Settlement provided for therein, as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Actions, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration at the Court Approval Hearing described in paragraph 19 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

15. Pursuant to the terms of the Settlement Agreement, Representative Plaintiffs and Class Counsel are hereby directed to cause the Class Action Settlement Administrator to provide notice of the Settlement to the Settlement Class Members consistent with the Notice Plan and deadlines set forth in the Settlement Agreement. Specifically, the Class Action Settlement Administrator shall:

a. within five (5) days of the Preliminary Approval Order, mail Direct Notice substantially in the form of the document attached to the Agreement as Exhibit I, in a form that requires signature confirming delivery, to each Class Member identified by the parties as meeting the Class Definition using three publicly maintained and available databases as follows: (1) the U.S. EPA 303(d) list of bodies of water impaired by PCBs; (2) USGS HUC 12 Watersheds; (3) U.S. Census Bureau;

b. promptly log each Direct Notice that is returned as undeliverable and shall provide copies of the log to Class Counsel and Defense Counsel;

c. take reasonable steps to re-mail all undeliverable Direct Notices to updated addresses provided by the National Change of Address Database maintained by the United States Post Office or by other means. In the event that any Direct Notice mailed to a Settlement Class Member is returned as undeliverable a second time, then no further mailing shall be required;

d. maintain records of all of activities, including logs of all telephone calls received and all mailings, and shall maintain an electronic database reflecting the running tally of all calls received and number and types of materials mailed by it in connection with this Settlement;

e. be responsible for, without limitation: (1) printing, mailing or arranging for the mailing of the Direct Notices in a form that requires signature confirming delivery; (2) handling returned mail not delivered to Settlement Class Members; (3) attempting to obtain updated address information for any Direct Notices returned without a forwarding address; (4) making any additional mailings required under the terms of this Settlement Agreement; (5) receiving and maintaining on behalf of the Court any Settlement Class Member correspondence regarding requests for exclusion and/or objections to the Settlement; (6) forwarding written inquiries to Class Counsel or their designee for a response, if warranted; and (7) otherwise implementing

and/or assisting with the dissemination of the Notice of the Settlement. The Class Action Settlement Administrator shall also be responsible for, without limitation, implementing the terms of the Claims Process and related administrative activities;

    f. forward within five (5) days of receipt copies of any written requests for exclusion to Lead Class Counsel and Defendant's Counsel, shall maintain a list reflecting all requests for exclusion, and shall file that list with the Court by the Class Action Settlement Administrator no later than twenty-one (21) days before the Final Approval Hearing;

    g. forward within 5 days of receipt any Objection(s) to Class Counsel and Defendant's Counsel.

16. The Court finds that the Settlement Agreement's plan, as further set forth in Plaintiffs' Motion for Preliminary Approval, for direct mail notice to Settlement Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23.

17. The Parties shall be authorized to make non-material changes to the Notice Plan, so long as Class Counsel and Defendant's Counsel agree and one of the Parties files a notice thereof with the Court prior to the Final Approval Haring. Neither the insertion of dates nor the correction of typographical or grammatical errors shall be deemed a change to the Notice Plan.

18. Any Settlement Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail via certified or first class mail a request for exclusion ("Opt-Out") to the Class Action Settlement Administrator at the address set forth in the Direct Notice. The Opt Out request must be postmarked no later than DATE [60 days after notices are mailed], 2020. For a Settlement Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) set forth the Settlement Class Member's full name, current address, and telephone number, (b) bear the Settlement Class

Member's signature (even if represented by counsel); (c) include the signature of the attorney who represents the Settlement Class Member if the Settlement Class Member has entered into an agreement to be represented by counsel; (d) contain the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a power of attorney, to act on behalf of the Class Member; and (d) unequivocally state the Settlement Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/ or to waive all right to the benefits of the Settlement. Statements generally objecting to the Settlement or to specific terms of the Settlement but which do not clearly express an intent to opt out as set forth above are not valid Opt-Outs.

19. Any Settlement Class Member that does not submit a successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Settlement Agreement, and the Class Notice, shall be bound by the Settlement Agreement, including the Release and any Final Order and Judgment entered in the Action.

20. Any Settlement Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement Agreement, and will not have standing to object to the Settlement. Settlement Class Members who have elected to opt out of the Settlement Class may withdraw their opt out requests prior to the Effective Date, but only if they accept the benefits and terms of this Settlement and dismiss with prejudice any other pending action against Defendant arising out of PCB-related impairments to water bodies.

21. Any Class Member who does not Opt-Out and who wishes to object to the Settlement must file a written objection to the Settlement ("Objection") with the Clerk of the Court and the Class Action Settlement Administrator no later than sixty (60) days after the date the Notice is mailed. The Objection must bear the signature of the Settlement Class Member (even if represented by counsel), the

Class Member's current address and telephone number, and state the exact nature of the objection including any legal support the Settlement Class Member wishes to introduce in support of the Objection, and whether or not the Class Member intends to appear at the final approval hearing. If the Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Class Member. Objections sent by any Settlement Class Member to incorrect locations shall not be valid.

22. The Class Action Settlement Administrator shall forward any objection(s) to Lead Class Counsel and Defendant's Counsel within five (5) days of receipt. Any Settlement Class Member who fails to comply with this procedure shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement Agreement and by all subsequent proceedings, orders and judgments, including, but not limited to, the Release, the Final Order and the Final Judgment in the Actions.

23. In advance of the date set by the Court for Objections, Class Counsel agrees to request approval of an award of all Attorneys' Fees and Expenses in a total amount of $98,000,000. Defendant agrees to pay the Attorneys' Fees and Expenses awarded by the Court in an amount not to exceed $98,000,000, and will do so within thirty (30) days of the Effective Date.

24. Plaintiffs' motion for final approval of the Settlement shall be filed by DATE [ the same date set for objections].

25. A hearing (the "Final Approval Hearing") shall be held before the undersigned as directed by the Court, in the United States District Court for the Central District of California, 350 W. 1st St., Los Angeles, California, 90012, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Actions should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Settlement Class Members should be bound by the Release set forth in the

Settlement Agreement, (d) whether Settlement Class Members should be subject to a permanent injunction that, among other things, bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release, (e) the amount of any Attorneys' Fees/Litigation Cost award to be made to Class Counsel, if any, upon application pursuant to the Settlement Agreement.

26. It is not necessary for a Settlement Class Member to appear at the Final Approval Hearing. However, any Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must file a notice of appearance in the Actions, and mail and postmark, or hand-deliver, the notice and other pleadings to Lead Class Counsel and Counsel for the Defendants, on or before DATE [ 45 days before Court Approval Hearing], 2020.

27. Any Settlement Class Member who wishes to file a motion or any other must file the motion or other paper with the Court, and contemporaneously mail and postmark, or hand-deliver, to Lead Class Counsel and Counsel for the Defendants, the motion or other paper, together with any and all supporting documents, on or before DATE [45 days before Court Approval Hearing], 2020.

28. Without prior leave of the Court, no Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection, motion, or other paper, but failed to raise.

29. Any Settlement Class Member who fails to comply with this Order, the Class Notice, and/ or the Settlement Agreement shall be barred from appearing at the Final Approval Hearing.

30. No later than ten (10) days following the Effective Date, the Parties shall file a joint stipulation of voluntary dismissal with prejudice and without costs under Fed. R. Civ. P. 41 in each of the related Actions.

31. All proceedings other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

32. If Final Approval of the Settlement is not achieved, or if the Settlement Agreement does not become effective for any reason, this Order shall become null and void and of no further force and effect. The fact that the Parties agreed to the Settlement Agreement shall be without prejudice to the rights of Plaintiffs or Defendant or any Settlement Class Member, shall not be used for any purpose whatsoever in any subsequent proceeding in this action or in any other action in any court or tribunal, and shall not be construed as an admission or concession by any party of any fact, matter, or allegation. In the event that this Agreement does not become effective, Plaintiffs, Defendant, and the Settlement Class Members shall be restored without prejudice to their respective positions as if the Settlement Agreement, any application for its approval by the Court, and the proposed Third Amended Complaint in the City of Long Beach action had not been made, submitted, or filed. Notwithstanding the foregoing, in the event that the Court should refuse to approve any material part of the Settlement Agreement or the Exhibits thereto or if, on appeal, an appellate court fails to affirm the judgment entered pursuant to the Settlement Agreement, then the Parties may (but are not obligated to) agree in writing to amend the Settlement Agreement and proceed as so amended.

33. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Actions or of any wrongdoing, liability, or violation of law by Defendant, which denies all of the claims and allegations raised in the Actions.

34. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendant and without further notice to the Settlement Class Members.

35. The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/ or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

IT IS SO ORDERED.

Dated: _____, 2021

                                                _____
                                                FERNANDO M. OLGUIN
                                                UNITED STATES DISTRICT JUDGE