1 **BARON & BUDD, P.C.**
Scott Summy (*Pro Hac Vice,* TX Bar No. 19507500)
2 SSummy@baronbudd.com
Carla Burke Pickrel (*Pro Hac Vice,* TX Bar No. 24012490)
3 cburkepickrel@baronbudd.com
3102 Oak Lawn Ave, #1100
4 Dallas, Texas 75219
Telephone: (214) 521-3605
5
**BARON & BUDD, P.C.**
6 John P. Fiske (SBN 249256)
Fiske@baronbudd.com
7 11440 W. Bernardo Court, Suite 265
San Diego, California 92127
8 Telephone: (858) 251-7424

9 *Proposed Lead Class Counsel*

10 **UNITED STATES DISTRICT COURT**

11 **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| CITY OF LONG BEACH, a municipal corporation; COUNTY OF LOS ANGELES, a political subdivision; CITY OF CHULA VISTA, a municipal corporation; CITY OF SAN DIEGO, a municipal corporation; CITY OF SAN JOSE, a municipal corporation; CITY OF OAKLAND, a municipal corporation; CITY OF BERKELEY, a municipal corporation; CITY OF SPOKANE, a municipal corporation; CITY OF TACOMA, a municipal corporation; CITY OF PORTLAND, a municipal corporation; PORT OF PORTLAND, a port district of the State of Oregon; BALTIMORE COUNTY, a political subdivision; MAYOR AND CITY COUNCIL OF BALTIMORE; all individually and on behalf of all others similarly situated,<br>                     Plaintiffs,<br>v.<br><br>MONSANTO COMPANY; SOLUTIA INC.; and PHARMACIA LLC; and DOES 1 through 100,<br>                     Defendants. | CASE NO.: 2:16-cv-03493-FMO-AS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF NOTICE PLAN, APPOINTMENT OF CLASS ACTION SETTLEMENT ADMINISTRATOR, AND APPOINTMENT OF CLASS COUNSEL**<br><br>*[Filed Concurrently with Notice Motion and Motion]*<br><br>Time of Hearing: 10:00 a.m.<br>Date of Hearing: July 22, 2021<br>Courtroom: 6D<br>Honorable Fernando M. Olguin |

**TABLE OF CONTENTS**

I. THE COURT'S MAY 19, 2021 ORDER AND JUNE 4, 2021 MINUTE ENTRY ..........................................................................................2
    A. Settlement Agreement Paragraph 71 ........................................................2
    B. Deadline for Applications Under Special Needs Fund, Part B ..................2
    C. Special Master Costs .................................................................................2
    D. Proposed Attorneys' Fees for Class Counsel ............................................3

II. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT ..........................................................6

III. THE COURT SHOULD APPROVE THE CONTENT AND DISTRIBUTION OF THE PROPOSED NOTICE TO THE SETTLEMENT CLASS MEMBERS ....................................................................................6

IV. THE COURT SHOULD APPOINT CLASS COUNSEL ...................................6

V. ESTABLISHMENT OF FINAL APPROVAL AND FAIRNESS HEARING AND ASSOCIATED DEADLINES ....................................................7

VI. CONCLUSION ..................................................................................................7

EXHIBIT INDEX ........................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Briseño v. Henderson*,
  2021 WL 2197968 (9th Cir. June 1, 2021) .......................................................... 3, 4, 5

*Glover v. City of Laguna Beach*,
  2018 WL 6131601 (C.D. Cal. July 18, 2018) ........................................................... 6

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ................................................................................ 3, 5

*In re Magsafe Apple Power Adapter Litig.*,
  2015 WL 428105 (N.D. Cal. Jan. 30, 2015) ............................................................ 4

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*,
  895 F.3d 597 (9th Cir. 2018) ............................................................................. 3, 4, 5

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................ 1, 7

Fed. R. Civ. P. 23(g) ........................................................................................................ 6

Pursuant to the Court's May 19, 2021 Order (ECF 273), Plaintiffs respectfully submit this renewed motion for preliminary approval. Plaintiffs incorporate by reference their previously-submitted Points and Authorities in Support of Renewed Motion for Preliminary Approval of Class Action Settlement filed on December 31, 2020 (ECF 256) and March 19, 2021 (ECF 267). Additionally, Plaintiffs address herein the specific matters raised by the Court at the May 19, 2021 hearing, including modifications to the Settlement Agreement made in response to the Court's comments, as well as the Court's June 4, 2021 minute entry (ECF 276).

Plaintiffs and Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC (collectively, "Monsanto" or "Defendant") have reached a proposed nationwide class action settlement (the "Settlement") to resolve allegations that Defendant's design, manufacture, sale, promotion, and supply of chemicals known as polychlorinated biphenyls ("PCBs") resulted in the contamination of Plaintiffs' stormwater and other resources, necessitating treatment and/or remediation to remove PCBs. Subject only to any potential Litigating Entity Sediment Site Entity opt-out, Defendant has agreed to pay $550 million as a net class benefit to be distributed to 2,528 class members across the United States. Defendant also has agreed to separately pay class counsel attorneys' fees and expenses, special master costs, and class administration and notice costs.

This Settlement is the result of contentious, prolonged, arm's-length negotiations during in-person meetings and numerous telephone conference mediation sessions between early to mid-2019 and March 2020 when a confidential term sheet was executed. The mediation process was led by JAMS mediator Judge (Ret.) Jay Gandhi. The Parties negotiated a resolution to litigation that has been pending since early 2015 in several jurisdictions across the United States. The Settlement confers substantial relief for Settlement Class Members who will automatically receive a minimum payment and may obtain additional payments upon application.

The Parties move this Court for an Order pursuant to Fed. R. Civ. P. 23 that would: (1) certify the Settlement Class; (2) preliminarily approve the terms of the proposed

Settlement Agreement; (3) approve and direct the proposed Notice Plan; (4) appoint the Class Action Settlement Administrator; and (5) appoint Lead and Co-Class Counsel.

## I. THE COURT'S MAY 19, 2021 ORDER AND JUNE 4, 2021 MINUTE ENTRY

On May 19, 2021, the Court denied without prejudice the Parties' request for preliminary approval of the Settlement Agreement. ECF 273. The Parties address below the comments raised by the Court at the May 19, 2021 hearing and respond to the Court's June 4, 2021 minute entry (ECF 276).

### A. Settlement Agreement Paragraph 71

The Parties have revised Paragraph 71 of the Settlement Agreement in response to the Court's comments at the hearing. Exhibit 1, Settlement Agreement, ¶ 71.[1]

### B. Deadline for Applications Under Special Needs Fund, Part B

During the hearing, the Court suggested that the deadline for submission of applications under Special Needs Fund, Part B should be one year from the date of a Settlement Class Member's receipt of payment from the Monitoring Fund, rather than one year from the date of the Final Approval Order. The Settlement Agreement has been modified to incorporate the Court's suggestion. To provide a single fixed deadline for all Part B applications, the due date has been set at one year and fourteen days from the Class Action Settlement Administrator's mailing of Monitoring Fund payments to Settlement Class Members. Exhibit 1, Settlement Agreement, ¶ 80(i) and Ex. I (Direct Notice) at 12-13.

### C. Special Master Costs

In response to the Court's comments at the hearing, the Settlement Agreement has been revised to provide that Defendant will pay Special Master Costs. Exhibit 1, Settlement Agreement, ¶¶ 58, 73 and Ex. I (Direct Notice) at 4. The Special Master will allocate and implement the Settlement with the assistance of the Allocation Experts,

---

[1] Attached as Exhibit 1-A, the Parties have provided the Court with a redline of the revisions made to the Settlement Agreement.

Michael Trapp and Rob Hesse, who developed the allocation algorithm. Allocation Expert Costs also will be paid by Defendant upon the Special Master's approval of these costs. *Id.* ¶ 73. With these revisions, Defendant will be separately responsible for all costs to implement the Settlement, including Class Administration, Special Master, and Allocation Expert Costs. Additionally, Defendant will pay Attorneys' Fees in the amount awarded by the Court, up to $98 million. The Settlement Fund of $550 million remains the same.

## D. Proposed Attorneys' Fees for Class Counsel

The Court requested that the Parties address the Ninth Circuit's recent decision in *Briseño v. Henderson*, 2021 WL 2197968 (9th Cir. June 1, 2021), and how it may relate to attorneys' fee issues in the present case. ECF 276.

In *Briseño*, the Ninth Circuit reversed a district court's approval of a consumer fraud class action settlement where the class settlement featured all three red flags noted in *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011): a disproportionate distribution of the settlement to class counsel; a "clear sailing" arrangement in which ConAgra agreed not to challenge the negotiated attorneys' fees; and a "kicker" clause in which ConAgra received remaining funds if the court reduced the agreed-upon attorneys' fees. 2021 WL 2197968, at *8.

Although it found that the class settlement ran "afoul of all three *Bluetooth* factors," the Ninth Circuit was careful to note that the three factors were not "an independent basis for withholding settlement approval." *Id.* at *9. Indeed, the Ninth Circuit stated that "disproportionate fee awards, clear sailing agreements, and kicker clauses all may be *elements of a good deal*," provided the district court scrutinizes them where they appear. *Id.* (emphasis added); *see also In re Bluetooth*, 654 F.3d at 949; *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018) (explaining that the *Bluetooth* factors are mere "guideposts" and that "[d]eciding whether a settlement is fair is ultimately 'an amalgam of delicate balancing, gross approximations and rough justice,' best left to the district judge, who has or can develop a firsthand grasp

3

of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case.") (internal citation omitted).

The settlement agreement in *Briseño* could not withstand such scrutiny. Significantly, the settlement fund was established on a claims-made basis—so that ConAgra was required to pay only for claims actually submitted by members of the class—yet no direct notice of the settlement was provided to class members. 2021 WL 2197968, at *8. In valuing the settlement, the parties had assumed that *all* class members would make claims, but in the end, "barely more than one-half of one percent of them submitted a claim." *Id.* at *3. And while the parties had represented the value of the agreed-upon injunctive relief to be $27 million, the Ninth Circuit found the injunctive relief was "illusory" and "practically worthless." *Id.* at *10-11. When compared to the relief that was actually provided to the class ($1 million), the attorney fee award ($5.85 million in fees and more than $900,000 in expenses) was grossly disproportionate.

This Settlement is more akin to the settlement approved by the Ninth Circuit in *In re Volkswagen*, which included a "reversion" of un-awarded attorneys' fees to Volkswagen. The Ninth Circuit rejected an objector's argument that the "reversion" provision made it impossible to know the true value of the settlement to the class. 895 F.3d at 611. In rejecting the objection, the court found that the district court adequately explained why the reversion raised no specter of collusion, including because "from a class member's perspective, the benefits available are quite substantial, worth at least thousands of dollars, and in some cases more, to each class member. Given the amounts at stake, there is little chance class members will forego the benefits because of the effort of lodging a claim." *Id.* at 612; *see also In re Magsafe Apple Power Adapter Litig.*, 2015 WL 428105, at *8 (N.D. Cal. Jan. 30, 2015) (approving settlement with clear sailing and "kicker" provisions in light of significant benefits awarded to the class).

Unlike the settlement in *Briseño*, this Settlement is fair, reasonable, and plainly free of collusion. It provides substantial monetary relief to *every* Settlement Class Member—

4

like in *In re Volkswagen*.² The Monitoring Fund will provide a minimum payment to each Settlement Class Member, and the TMDL Fund will provide further compensation to certain Settlement Class Members. Beyond these payments, additional funds are available by application, including the Sediment Sites Fund, Special Needs Fund Part A, and Special Needs Fund Part B, which is available to any Settlement Class Member who applies and makes the requisite showing.

Further, the class award is fixed, entirely monetary, and segregated from the costs to implement the settlement (which will be paid by Defendant as set forth in the revised Settlement Agreement) and attorneys' fees (which will be determined by the Court and paid by Defendant). No part of the class award is injunctive relief, which the Ninth Circuit found difficult to quantify in *Bluetooth* and without any value in *Briseño*. *See In re Bluetooth*, 654 F.3d at 945; *Briseño*, 2021 WL 2197968, at *10. Direct notice of the Settlement will be provided to all Settlement Class Members, and it is anticipated that there will be significant participation in light of the monetary benefits offered. The Settlement in the present case is not comparable to the consumer fraud settlements in *Bluetooth* and *Briseño*. When the substantial relief that each Settlement Class Member will receive under this Settlement is considered, the attorneys' fee provisions are reasonable and appropriate and "elements of a good deal" under *Bluetooth* and its progeny. *Briseño*, 2021 WL 2197968, at *9.

---

² As the Parties have previously indicated, the total proceeds in the Settlement Fund ($550,000,000) may be reduced in only one limited circumstance. The Sediment Sites Fund is allocated up to $150,000,000 of the total Settlement Fund to compensate twelve "Qualifying Sediment Site Entities." Exhibit 1, Settlement Agreement, ¶ 79(c). Certain "Qualifying Sediment Site Entities" are also "Litigating Entities." *Id.* ¶ 80(c). If a "Litigating Entity Qualifying Sediment Site Entity" opts out of the settlement, Defendant's obligation to pay into the Sediment Sites Fund would be reduced by $12,500,000. *Id.* ¶ 79(e). The Parties anticipate that only one such class member will opt out of the Settlement. *See* Dec. 31, 2020 Renewed Motion (ECF 256) at 67. This provision is appropriate because Defendant will be required to continue litigating against at least one opt-out Settlement Class Member. *See* March 19, 2021 Renewed Motion (ECF 267) at 10.

## II. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

For the reasons set forth in the December 31, 2020 Renewed Motion (ECF 256) and March 19, 2021 Renewed Motion (ECF 267), as supplemented and modified by the present Motion, the Parties request that the Court grant preliminary approval of the proposed settlement because it satisfies the procedural and substantive standards and merits preliminary approval. *See Glover v. City of Laguna Beach*, 2018 WL 6131601, at *2 (C.D. Cal. July 18, 2018) (*quoting In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007) (citation omitted)) ("If the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval,' the court should grant preliminary approval of the class and direct notice of the proposed settlement to the class.").

## III. THE COURT SHOULD APPROVE THE CONTENT AND DISTRIBUTION OF THE PROPOSED NOTICE TO THE SETTLEMENT CLASS MEMBERS

Here, the Parties propose that the Court require the Class Action Settlement Administrator to provide Notice of the proposed Settlement as described above and in the Settlement Agreement and Notice Plan. The proposed Class Action Settlement Administrator has also attested that implementation of the Notice Plan in the manner set forth in the Settlement Agreement is fair, appropriate and constitutes "the best notice practicable" under the circumstances. *See* Exhibit B to December 31, 2020 Renewed Motion (ECF 256), Declaration of Steve Weisbrot, ¶¶ 11, 23.

## IV. THE COURT SHOULD APPOINT CLASS COUNSEL

Pursuant to Fed. R. Civ. P. 23(g), a court certifying a case as a class action "must appoint class counsel." Class Counsel respectfully request that the Court appoint them as Class Counsel. The experience and qualifications of the proposed Class Counsel are

established, and the proposed Class Counsel will zealously prosecute the claims of the Settlement Class Members.[3] *See* Exhibit C to December 31, 2020 Renewed Motion (ECF 256), Declaration of Scott Summy; Exhibit D to December 31, 2020 Renewed Motion (ECF 256), Declaration of John Fiske. The Court should appoint Scott Summy, John Fiske, and Carla Burke Pickrel of Baron & Budd, P.C. as Lead Class Counsel, and John Gomez of Gomez Trial Attorneys, John R. Wertz, Esq., and Richard Gordon and Martin Wolf of Gordon Carney & Wolf as Co-Class Counsel.

## V. ESTABLISHMENT OF FINAL APPROVAL AND FAIRNESS HEARING AND ASSOCIATED DEADLINES

The Parties propose the following schedule regarding Notice to the Settlement Classes and final approval of the Settlement Agreement:

| Event | Time For Compliance |
|---|---|
| Preliminary Approval Hearing | July 22, 2021 |
| Entry of Preliminary Approval Order | TBD |
| Direct Notice Mailed to Settlement Class Members | 14 days from entry of Preliminary Approval Order. |
| Deadline for Opting Out or Objecting | 65 days from Notice. |
| Final Approval Hearing | TBD |

## VI. CONCLUSION

For the reasons stated above, and in Plaintiffs' December 31, 2020 and March 19, 2021 Renewed Motions for Preliminary Approval of Class Action Settlement (ECF 256 and 267), the proposed Settlement Agreement is the product of serious, non-collusive, arm's-length negotiations, and is a fair, reasonable, and adequate resolution of Plaintiffs' claims. The proposed Notice and Notice Plan also satisfy Rule 23's due process

---

[3] Defendant takes no position on the appointment of Class Counsel, except that certain Lead and Co-Class Counsel are contemplated and agreed to in the Settlement Agreement.

7

CASE NO.: 2:16-cv-03493-FMO-AS
RENEWED MOTION FOR CERTIFICATION

requirements. As a result, the Parties respectfully request that the Court grant their motion and enter the proposed order attached hereto which: (1) grants certification of the Settlement Class; (2) grants preliminary approval of the Settlement Agreement; (3) approves the Notice and Notice Plan; (4) appoints Class Counsel; and (5) appoints Steven Weisbrot of Angeion Group, LLC as Class Action Settlement Administrator.

Dated June 17, 2021

Respectfully submitted,

/s/ John Fiske
**BARON & BUDD, P.C.**
11440 W. Bernardo Court, Suite 265
San Diego, California 92127
Telephone: (858) 251-7424

**BARON & BUDD, P.C.**
Scott Summy (admitted *Pro Hac Vice*, Texas Bar No. 19507500)
SSummy@baronbudd.com
Carla Burke Pickrel (admitted *Pro Hac Vice*, Texas Bar No. 24012490)
cburkepickrel@baronbudd.com
3102 Oak Lawn Ave, #1100
Dallas, Texas 75219
Telephone: (214) 521-3605

***Attorneys for Plaintiffs and the Class***

## **EXHIBIT INDEX**

| EX. | DESCRIPTION |
|---|---|
| 1 | Settlement Agreement (with all Exhibits) |
| 1-A | Settlement Agreement Redline |