# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

CITY OF LONG BEACH, a municipal corporation; COUNTY OF LOS ANGELES, a political subdivision; CITY OF CHULA VISTA, a municipal corporation; CITY OF SAN DIEGO, a municipal corporation; CITY OF SAN JOSE, a municipal corporation; CITY OF OAKLAND, a municipal corporation; CITY OF BERKELEY, a municipal corporation; CITY OF SPOKANE, a municipal corporation; CITY OF TACOMA, a municipal corporation; CITY OF PORTLAND, a municipal corporation; PORT OF PORTLAND, a port district of the State of Oregon; COUNTY OF BALTIMORE, a political subdivision; MAYOR AND CITY COUNCIL OF BALTIMORE; all individually and on behalf of all others similarly situated,

                              Plaintiffs,

v.

MONSANTO COMPANY; SOLUTIA INC., and PHARMACIA LLC, and DOES 1 through 100,

                              Defendants.

Case No. 2:16-cv-03493-FMO-AS

**DECLARATION OF STEVEN PLATT OF ANGEION GROUP RE: OPT-OUT REQUESTS AND OBJECTIONS**

Judge: Hon. Fernando M. Olguin

HEARING DATE SET BY PROPOSED SCHEDULE ORDER [ECF NO. 296]

Time of Hearing: 10:00 a.m.
Date of Hearing: October 13, 2022
Courtroom: 6D
Honorable Fernando M. Olguin

File Date:        May 19, 2016

1

I, Steven Platt, declare under penalty of perjury as follows:

1.      I am a project manager at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"), located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I am over 21 years of age and am not party to this action.  I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2.      Angeion was retained by the Parties to serve as Settlement Administrator and to, among other tasks, provide notice to potential Class Members; receive and process Exclusion ("Opt Out") Forms and Objections to the Settlement, and perform other duties as specified in the Class Action Settlement Agreement ("Settlement Agreement") and by the directives of the Court, including but not limited to the Court's *Order Re: Motion For Preliminary Approval of Class Settlement* entered on March 14, 2022 (Dkt. No. 293) and *Order Re: Further Proceedings*, entered on May 9, 2022 (Dkt. No. 296) "Scheduling Order".

3.      Pursuant to the Scheduling Order, Angeion is to file a list of Opt-Outs and any objections received, with the Court, no later than August 8, 2022.

## REQUESTS FOR EXCLUSION ("OPT-OUT")

4.      The Notice of Pendency directed Settlement Class Members to submit their Opt-Out requests to the Settlement Administrator no later than July 25, 2022. As of August 5, 2022, Angeion has received 128 Opt-Out Requests. Of these 128 Opt-Out Request, 85 are valid Opt-Out requests from Settlement Class Members, 8 are invalid Opt-Out requests from entities that are not Settlement Class Members and 35 are duplicative Opt-Out requests. Attached hereto as **Exhibit A**, is a list of the valid Opt-Out requests.

## OBJECTIONS TO THE SETTLEMENT

5.      The Notice of Pendency directed Settlement Class Members to submit objections to the Court and the Settlement Administrator no later than July 25, 2022.

As of August 5, 2022, Angeion has received 5 Objections to the settlement. Attached hereto as **Exhibit B** are copies of the Objections.

      I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 8, 2022

*Steven Platt*
STEVEN PLATT

# EXHIBIT A

EXHIBIT A

OPT-OUT LIST

| COUNT | OPT OUT ENTITY | STATE |
|-------|----------------|-------|
| 1 | Belvedere, City of | CA |
| 2 | Brentwood, City of | CA |
| 3 | Brisbane, City of | CA |
| 4 | Colma, Town of | CA |
| 5 | Concord, City of | CA |
| 6 | Contra Costa, County of | CA |
| 7 | Corte Madera, Town of | CA |
| 8 | Dublin, City of | CA |
| 9 | East Palo Alto, City of | CA |
| 10 | El Cerrito, City of | CA |
| 11 | Foster City, City of | CA |
| 12 | Hercules, City of | CA |
| 13 | Hermosa Beach, City of | CA |
| 14 | Hillsborough, Town of | CA |
| 15 | Lafayette, City of | CA |
| 16 | Larkspur, City of | CA |
| 17 | Livermore, City of | CA |
| 18 | Los Angeles, City of | CA |
| 19 | Marin, County of | CA |
| 20 | Martinez, City of | CA |
| 21 | Menlo Park, City of | CA |
| 22 | Mill Valley, City of | CA |
| 23 | Millbrae, City of | CA |
| 24 | Moraga, Town of | CA |
| 25 | Napa, City of | CA |
| 26 | Napa, County of | CA |
| 27 | Novato, City of | CA |
| 28 | Oakley, City of | CA |
| 29 | Orinda, City of | CA |
| 30 | Pacifica, City of | CA |
| 31 | Pinole, City of | CA |
| 32 | Pittsburg, City of | CA |
| 33 | Placer, County of | CA |
| 34 | Pleasant Hill, City of | CA |
| 35 | Redwood City, City of | CA |
| 36 | Richmond, City of | CA |
| 37 | Riverside, County of | CA |
| 38 | Ross, Town of | CA |
| 39 | San Anselmo, Town of | CA |
| 40 | San Bruno, City of | CA |
| 41 | San Carlos, City of | CA |
| 42 | San Mateo, City of | CA |
| 43 | San Mateo, County of | CA |
| 44 | San Pablo, City of | CA |

EXHIBIT A

OPT-OUT LIST

| COUNT | OPT OUT ENTITY | STATE |
|---|---|---|
| 45 | San Rafael, City of | CA |
| 46 | San Ramon, City of | CA |
| 47 | Santa Clara, County of | CA |
| 48 | Sausalito, City of | CA |
| 49 | Sonoma, County of | CA |
| 50 | South San Francisco, City of | CA |
| 51 | Tiburon, Town of | CA |
| 52 | Union City, City of | CA |
| 53 | Walnut Creek, City of | CA |
| 54 | West Hollywood, City of | CA |
| 55 | Wildomar, City of | CA |
| 56 | Beach Park, Village of | IL |
| 57 | Cahokia Heights, City of | IL |
| 58 | Chicago, City of | IL |
| 59 | East St. Louis, City of | IL |
| 60 | Evanston, City of | IL |
| 61 | Glencoe, Village of | IL |
| 62 | Kenilworth, Village of | IL |
| 63 | Lake Bluff, Village of | IL |
| 64 | Lake Forest, City of | IL |
| 65 | North Chicago, City of | IL |
| 66 | Waukegan, City of | IL |
| 67 | Wilmette, Village of | IL |
| 68 | Winnetka, Village of | IL |
| 69 | Winthrop Harbor, Village of | IL |
| 70 | Zion, City of | IL |
| 71 | Freeport, Village of | NY |
| 72 | Friendswood, City of | TX |
| 73 | West University Place, City of | TX |
| 74 | Alexandria, City of | VA |
| 75 | Arlington, County of | VA |
| 76 | Chesapeak, City of | VA |
| 77 | Fairfax, County of | VA |
| 78 | Suffolk, City of | VA |
| 79 | Seattle, City of | WA |
| 80 | Snohomish, County of | WA |
| 81 | Appleton, City of | WI |
| 82 | Ashwaubenon, Village of | WI |
| 83 | Janesville, City of | WI |
| 84 | Milwaukee, City of | WI |
| 85 | Oak Creek, City of | WI |

# EXHIBIT B

EXHIBIT B
OBJECTIONS

| COUNT | OBJECTING ENTITY | STATE |
|-------|------------------|-------|
| 1 | Burlington | WI |
| 2 | Caledonia | WI |
| 3 | Franklin | WI |
| 4 | Greenfield | WI |
| 5 | Mequon | WI |



**Pruitt**
**Ekes**
**Geary**

Timothy J. Pruitt
Elaine Sutton Ekes
Christopher A. Geary
Rebecca J. Shepro

Office Administrator:
Eileen M. Zaffiro

**Pruitt, Ekes & Geary, S.C.**

245 Main Street, Suite 404, Racine, WI 53403  Phone: 262-456-1216  Facsimile: 262-456-2086  www.peglawfirm.com

July 25, 2022

Honorable Fernando M. Olguin
U.S. District Court for the Central District of California
350 W. First Street
Los Angeles, CA 90012

Steven Weisbrot, Class Action Settlement Administrator
Angeion Group, LLC
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

        Re:    City of Long Beach v. Monsanto Co, et al.
                CASE NO: 2:16-cv-03493-FMP-AS

Dear Judge Olguin and Administrator Weisbrot:

      On behalf of the City of Burlington (the "City"), and pursuant to the terms of paragraph 98 of the Class Action Settlement Agreement, please accept this correspondence as the City's objection to the scope of the release in the Settlement. The basis of the City's objection is that the proposed release required to obtain the settlement funds is unnecessarily broad and exceeds the scope of the litigation presently before the Court.  Regardless of the objection, the City is participating in the settlement and leaves the determination on the scope of the release to the Court to determine.

      As all parties are aware, this litigation stems from "the presence of PCBs in . . . stormwater and/or dry-weather runoff systems."[1] All of the causes of action pled in this case center on the presence of PCBs in stormwater systems and the waterbodies that those systems discharge into. Further, all of the various settlement funds are established by virtue of a class member's situation as it relates to their MS4 permits (e.g., Monitoring Fund members are those with an MS4 permit and the presence of an impaired waterway; TMDL Fund members are those whose MS4 permit contains a TMDL, etc.). Lastly, all of the information contained within the Notice of Class Action Settlement relates to stormwater systems and waterways.

      Paragraph 4 of the Notice of Class Action Settlement provides:

---

[1] Third Amended Complaint for Class Action, Document No. 201, ¶ 90.

Honorable Fernando M. Olguin;
Steven Weisbrot, Class Action Settlement Administrator
July 25, 2022
Page 2

Release. Plaintiffs and all Settlement Class Members who have not excluded themselves from the Class will release certain claims against the Defendant, its affiliates, certain predecessors and successors, and other parties set forth in the Settlement Agreement. This is referred to as the "Release." **Generally speaking, the Release will prevent any Settlement Class Member from bringing any lawsuit or making any claims that Defendant's PCBs and PCB-containing products were defectively designed, that the risks of environmental harm associated with PCBs and PCB-containing products outweighed the benefits of their uses, that Defendant failed to warn of the risks of harm associated with PCBs and PCB- containing products, and that Plaintiffs and the Class suffered property damage as a result of PCB contamination.** The terms of the Release, as set forth in the Settlement Agreement, can be found in the Addendum at the end of this Notice.

As noted in the emphasized language, there is contemplation that the release required to obtain the settlement funds relates to all environmental claims related to PCBs. Paragraph 41 of the Settlement Agreement further provides:

"Released Claims" means all claims which were or could have been alleged in the Action, including but not limited to any claim for attorneys' fees, expenses, and costs. Nothing in this Settlement Agreement will preclude or affect any action under the Comprehensive Response, Compensation and Liability Act ("CERCLA") or similar state Superfund statutes and applicable regulations, or under any other laws or regulations.

Thus, unless a PCB-related claim could be brought specifically under CERCLA, the release would apply to the claims. This is true whether that PCB-related claim involves stormwater or not.

This Court has addressed the issue of whether a class action settlement should be approved where the release is overly broad. In Marshall v. Northrop Grumman Corp. this Court held:

By releasing "any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims," the parties' proposed settlement agreement "could capture claims that go beyond the scope of the allegations in the operative complaint, which the Ninth Circuit has held is inappropriate." See Willner v. Manpower, Inc., 2014 WL 4370694, at *7 (N.D. Cal. Sept. 3, 2014) (citing Hesse, 598 F.3d at 590). The overly broad scope of this release is underscored by the expansive interpretations that courts give to phrases such as "connected with" or "arising out of." Cf. Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1086 (9th Cir. 2018) (interpreting the phrase "relating to" a particular agreement to cover "any disputes that reference the agreement or have some 'logical or causal connection' to the agreement," and explaining that the phrase "relating to" is synonymous with "in connection with."). Because the scope of the proposed settlement agreement's release of liability could extend to any cause of action that has a logical or causal connection to the Released Claims, and is not

Honorable Fernando M. Olguin;
Steven Weisbrot, Class Action Settlement Administrator
July 25, 2022
Page 3

limited to claims based on an identical factual predicate, the proposed release of
liability is impermissible.

Marshall v. Northrop Grumman Corp., 469 F. Supp. 3d 942, 949–50 (C.D. Cal. 2020).

Just as in the Marshall case, because the proposed release here is not limited to those claims
based on identical factual predicates, except the very broad predicate that PCBs are involved, the
Court should reject the proposed settlement. Further, because the litigation in the present matter
has not involved any PCB-related claims other than those related to stormwater systems and
waterways, it would be impossible to analyze whether the proposed settlement fairly compensates
the released parties for all of the claims they would release under the presently proposed settlement
agreement.

For those reasons, we would request that the Court narrow the scope of the release in the
proposed settlement agreement accordingly.

Lastly, please note that at the present time, the City (through counsel or otherwise) does
not intend to appear at the Final Approval Hearing.

Thank you for your attention to this matter.

Respectfully submitted,

CITY OF BURLINGTON

Carina Walters, City Administrator

P.O. Address:
300 North Pine Street
Burlington, WI 53105
262-342-1161
cwalters@burlington-wi.gov

PRUITT, EKES & GEARY, S.C.

Elaine Sutton Ekes, City Attorney

P.O. Address:
245 Main St. Suite 404
Racine, WI 53402
262-456-1216 Ext. 103
esekes@peglawfirm.com

cc:     Scott Summy, Esq.
        Carla Burke Pickrel, Esq.
        John Fiske, Esq.
        John Gomez, Esq.
        Richard Gordon, Esq.
        Martin Wolf, Esq.
        John R. Wertz, Esq.
        Mark D. Anstoetter, Esq.
        Brent D. Dwerlkotte, Esq.
        City Clerk





**Pruitt**
**Ekes**
**Geary**

Timothy J. Pruitt
Elaine Sutton Ekes
Christopher A. Geary
Rebecca J. Shepro

Office Administrator:
Eileen M. Zaffiro

**Pruitt, Ekes & Geary, S.C.**

245 Main Street, Suite 404, Racine, WI  53403  Phone: 262-456-1216  Facsimile:  262-456-2086   www.peglawfirm.com

July 25, 2022

Honorable Fernando M. Olguin
U.S. District Court for the Central District of California
350 W. First Street
Los Angeles, CA 90012

Steven Weisbrot, Class Action Settlement Administrator
Angeion Group, LLC
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

       Re:    City of Long Beach v. Monsanto Co, et al.
               CASE NO: 2:16-cv-03493-FMP-AS

Dear Judge Olguin and Administrator Weisbrot:

      On behalf of the Village of Caledonia (the "Village"), and pursuant to the terms of paragraph 98 of the Class Action Settlement Agreement, please accept this correspondence as the Village's objection to the scope of the release in the Settlement. The basis of the Village's objection is that the proposed release required to obtain the settlement funds is unnecessarily broad and exceeds the scope of the litigation presently before the Court. Regardless of the objection, the Village is participating in the settlement and leaves the determination on the scope of the release to the Court to determine.

      As all parties are aware, this litigation stems from "the presence of PCBs in . . . stormwater and/or dry-weather runoff systems."[1] All of the causes of action pled in this case center on the presence of PCBs in stormwater systems and the waterbodies that those systems discharge into. Further, all of the various settlement funds are established by virtue of a class member's situation as it relates to their MS4 permits (e.g., Monitoring Fund members are those with an MS4 permit and the presence of an impaired waterway; TMDL Fund members are those whose MS4 permit contains a TMDL, etc.). Lastly, all of the information contained within the Notice of Class Action Settlement relates to stormwater systems and waterways.

      Paragraph 4 of the Notice of Class Action Settlement provides:

---

[1] Third Amended Complaint for Class Action, Document No. 201, ¶ 90.

Honorable Fernando M. Olguin;
Steven Weisbrot, Class Action Settlement Administrator
July 25, 2022
Page 2

Release. Plaintiffs and all Settlement Class Members who have not excluded themselves from the Class will release certain claims against the Defendant, its affiliates, certain predecessors and successors, and other parties set forth in the Settlement Agreement. This is referred to as the "Release." **Generally speaking, the Release will prevent any Settlement Class Member from bringing any lawsuit or making any claims that Defendant's PCBs and PCB-containing products were defectively designed, that the risks of environmental harm associated with PCBs and PCB-containing products outweighed the benefits of their uses, that Defendant failed to warn of the risks of harm associated with PCBs and PCB- containing products, and that Plaintiffs and the Class suffered property damage as a result of PCB contamination.** The terms of the Release, as set forth in the Settlement Agreement, can be found in the Addendum at the end of this Notice.

As noted in the emphasized language, there is contemplation that the release required to obtain the settlement funds relates to all environmental claims related to PCBs. Paragraph 41 of the Settlement Agreement further provides:

"Released Claims" means all claims which were or could have been alleged in the Action, including but not limited to any claim for attorneys' fees, expenses, and costs. Nothing in this Settlement Agreement will preclude or affect any action under the Comprehensive Response, Compensation and Liability Act ("CERCLA") or similar state Superfund statutes and applicable regulations, or under any other laws or regulations.

Thus, unless a PCB-related claim could be brought specifically under CERCLA, the release would apply to the claims. This is true whether that PCB-related claim involves stormwater or not.

This Court has addressed the issue of whether a class action settlement should be approved where the release is overly broad. In Marshall v. Northrop Grumman Corp. this Court held:

By releasing "any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims," the parties' proposed settlement agreement "could capture claims that go beyond the scope of the allegations in the operative complaint, which the Ninth Circuit has held is inappropriate." See Willner v. Manpower, Inc., 2014 WL 4370694, at *7 (N.D. Cal. Sept. 3, 2014) (citing Hesse, 598 F.3d at 590). The overly broad scope of this release is underscored by the expansive interpretations that courts give to phrases such as "connected with" or "arising out of." Cf. Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1086 (9th Cir. 2018) (interpreting the phrase "relating to" a particular agreement to cover "any disputes that reference the agreement or have some 'logical or causal connection' to the agreement," and explaining that the phrase "relating to" is synonymous with "in connection with."). Because the scope of the proposed settlement agreement's release of liability could extend to any cause of action that has a logical or causal connection to the Released Claims, and is not

Honorable Fernando M. Olguin;
Steven Weisbrot, Class Action Settlement Administrator
July 25, 2022
Page 3

limited to claims based on an identical factual predicate, the proposed release of liability is impermissible.

Marshall v. Northrop Grumman Corp., 469 F. Supp. 3d 942, 949–50 (C.D. Cal. 2020).

Just as in the Marshall case, because the proposed release here is not limited to those claims based on identical factual predicates, except the very broad predicate that PCBs are involved, the Court should reject the proposed settlement. Further, because the litigation in the present matter has not involved any PCB-related claims other than those related to stormwater systems and waterways, it would be impossible to analyze whether the proposed settlement fairly compensates the released parties for all of the claims they would release under the presently proposed settlement agreement.

For those reasons, we would request that the Court narrow the scope of the release in the proposed settlement agreement accordingly.

Lastly, please note that at the present time, the Village (through counsel or otherwise) does not intend to appear at the Final Approval Hearing.

Thank you for your attention to this matter.

Respectfully submitted,

VILLAGE OF CALEDONIA

James Dobbs, Village President

Joslyn Hoeffert, Village Clerk

P.O. Address:
5043 Chester Lane
Racine, WI 53402
262-835-4451
jhoeffert@caledonia-wi.gov

PRUITT, EKES & GEARY, S.C.

Elaine Sutton Ekes, Village Attorney

P.O. Address:
245 Main St. Suite 404
Racine, WI 53402
262-456-1216 Ext. 103
esekes@peglawfirm.com

cc:    Scott Summy, Esq.
       Carla Burke Pickrel, Esq.
       John Fiske, Esq.
       John Gomez, Esq.
       Richard Gordon, Esq.
       Martin Wolf, Esq.
       John R. Wertz, Esq.
       Mark D. Anstoetter, Esq.
       Brent D. Dwerlkotte, Esq.
       Village Clerk



July 22, 2022

Honorable Fernando M. Olguin
U.S. District Court for the Central District of California
350 W. First Street
Los Angeles, CA 90012

Steven Weisbrot, Class Action Settlement Administrator
Angeion Group, LLC
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

      Re:    City of Long Beach v. Monsanto Co, et al.
             CASE NO: 2:16-cv-03493-FMP-AS

Dear Judge Olguin and Administrator Weisbrot:

On behalf of the City of Franklin (the "City"), and pursuant to the terms of paragraph 98 of the Class Action Settlement Agreement, please accept this correspondence as the City's objection to the Settlement. The basis of the City's objection is that the proposed release required to obtain the settlement funds is unnecessarily broad and exceed the scope of the litigation presently before the Court.

As everyone is aware, this litigation stems from "the presence of PBCs in . . . stormwater and/or dry-weather runoff systems."[1] All of the causes of action pled in this case center on the presence of PCBs in stormwater systems and the waterbodies that those systems discharge into. Further, all of the various settlement funds are established by virtue of a class member's situation as it relates to their MS4 permits (e.g., Monitoring Fund members are those with an MS4 permit and the presence of an impaired waterway; TMDL Fund members are those whose MS4 permit contains a TMDL, etc.). Lastly, all of the information contained within the Notice of Class Action Settlement relates to stormwater systems and waterways.

Paragraph 4 of the Notice of Class Action Settlement provides:

> Release. Plaintiffs and all Settlement Class Members who have not excluded themselves from the Class will release certain claims against the Defendant, its affiliates, certain predecessors and successors, and other parties set forth in the Settlement Agreement. This is referred to as the "Release." **Generally speaking, the Release will prevent any Settlement Class Member from bringing any lawsuit or making any claims that Defendant's PCBs and PCB-containing products were defectively designed, that the risks of environmental harm associated with PCBs and PCB-containing products outweighed the benefits of their uses, that Defendant failed to warn of the risks of harm associated**

---

[1] Third Amended Complaint for Class Action, Document No. 201, ¶ 90.

**Exhibit B**
**Page 15**

Honorable Fernando M. Olguin
Steven Weisbrot, Class Action Settlement Administrator
July 22, 2022
Page 2

> **with PCBs and PCB- containing products, and that Plaintiffs and the Class**
> **suffered property damage as a result of PCB contamination.** The terms of the
> Release, as set forth in the Settlement Agreement, can be found in the Addendum
> at the end of this Notice.

As noted in the emphasized language, there is contemplation that the release required to obtain
the settlement funds relates to all environmental claims related to PCBs. Paragraph 41 of the
Settlement Agreement further provides:

> "Released Claims" means all claims which were or could have been alleged in the
> Action, including but not limited to any claim for attorneys' fees, expenses, and
> costs. Nothing in this Settlement Agreement will preclude or affect any action
> under the Comprehensive Response, Compensation and Liability Act
> ("CERCLA") or similar state Superfund statutes and applicable regulations, or
> under any other laws or regulations.

Thus, unless a PCB-related claim could be brought specifically under CERCLA, the release
would apply to the claims. This is true whether that PCB-related claim involves stormwater or
not.

This Court has addressed the issue of whether a class action settlement should be approved
where the release is overly broad. In <u>Marshall v. Northrop Grumman Corp.</u> this Court held:

> By releasing "any cause of action, demand, or claim on the basis of, connected
> with, or arising out of any of the Released Claims," the parties' proposed
> settlement agreement "could capture claims that go beyond the scope of the
> allegations in the operative complaint, which the Ninth Circuit has held is
> inappropriate." See <u>Willner v. Manpower, Inc.</u>, 2014 WL 4370694, at *7 (N.D.
> Cal. Sept. 3, 2014) (citing <u>Hesse</u>, 598 F.3d at 590). The overly broad scope of this
> release is underscored by the expansive interpretations that courts give to phrases
> such as "connected with" or "arising out of." Cf. <u>Yei A. Sun v. Advanced China</u>
> <u>Healthcare, Inc.</u>, 901 F.3d 1081, 1086 (9th Cir. 2018) (interpreting the phrase
> "relating to" a particular agreement to cover "any disputes that reference the
> agreement or have some 'logical or causal connection' to the agreement," and
> explaining that the phrase "relating to" is synonymous with "in connection
> with."). Because the scope of the proposed settlement agreement's release of
> liability could extend to any cause of action that has a logical or causal connection
> to the Released Claims, and is not limited to claims based on an identical factual
> predicate, the proposed release of liability is impermissible.

<u>Marshall v. Northrop Grumman Corp.</u>, 469 F. Supp. 3d 942, 949–50 (C.D. Cal. 2020).

Just as in the Marshall case, because the proposed release here is not limited to those claims
based on identical factual predicates, except the very broad predicate that PCBs are involved, the

Court should reject the proposed settlement. Further, because the litigation in the present matter has not involved any PCB-related claims other than those related to stormwater systems and waterways, it would be impossible to analyze whether the proposed settlement fairly compensates the released parties for all of the claims they would release under the presently proposed settlement agreement.

For those reasons, we would request that the Court reject the proposed settlement agreement.

Lastly, please note that at the present time, the City (through counsel or otherwise) does not intend to appear at the Final Approval Hearing.

Thank you for your attention to this matter.

Very truly yours,

CITY OF FRANKLIN

Stephen R. Olson, Mayor

P.O. Address:
9229 W. Loomis Road
Franklin, WI 53132
(414) 425-7500

WESOLOWSKI REIDENBACH & SAJDAK, S.C.

Brian C. Sajdak, Franklin Assistant City Attorney

P.O. Address:
11402 W. Church St.
Franklin, WI 53132
(414) 529-8900
brian@wrslegal.net

cc:    Scott Summy, Esq.
       Carla Burke Pickrel, Esq.
       John Fiske, Esq.
       John Gomez, Esq.
       Richard Gordon, Esq.
       Martin Wolf, Esq.
       John R. Wertz, Esq.
       Mark D. Anstoetter, Esq.
       Brent D. Dwerlkotte, Esq.



Private Office:
11402 W. Church St.
Franklin, WI 53132
(414) 529-8900

**Office of the City Attorney**

July 22, 2022

Honorable Fernando M. Olguin
U.S. District Court for the Central District of California
350 W. First Street
Los Angeles, CA 90012

Steven Weisbrot, Class Action Settlement Administrator
Angeion Group, LLC
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

> Re:    City of Long Beach v. Monsanto Co, et al.
> CASE NO: 2:16-cv-03493-FMP-AS

Dear Judge Olguin and Administrator Weisbrot:

On behalf of the City of Greenfield (the "City"), and pursuant to the terms of paragraph 98 of the Class Action Settlement Agreement, please accept this correspondence as the City's objection to the Settlement. The basis of the City's objection is that the proposed release required to obtain the settlement funds is unnecessarily broad and exceed the scope of the litigation presently before the Court.

As everyone is aware, this litigation stems from "the presence of PBCs in . . . stormwater and/or dry-weather runoff systems." All of the causes of action pled in this case center on the presence of PCBs in stormwater systems and the waterbodies that those systems discharge into. Further, all of the various settlement funds are established by virtue of a class member's situation as it relates to their MS4 permits (e.g., Monitoring Fund members are those with an MS4 permit and the presence of an impaired waterway; TMDL Fund members are those whose MS4 permit contains a TMDL, etc.). Lastly, all of the information contained within the Notice of Class Action Settlement relates to stormwater systems and waterways.

Paragraph 4 of the Notice of Class Action Settlement provides:

Honorable Fernando M. Olguin
Steven Weisbrot, Class Action Settlement Administrator
July 22, 2022
Page 2

> Release. Plaintiffs and all Settlement Class Members who have not
> excluded themselves from the Class will release certain claims against the
> Defendant, its affiliates, certain predecessors and successors, and other
> parties set forth in the Settlement Agreement. This is referred to as the
> "Release." **Generally speaking, the Release will prevent any Settlement
> Class Member from bringing any lawsuit or making any claims that
> Defendant's PCBs and PCB-containing products were defectively
> designed, that the risks of environmental harm associated with PCBs
> and PCB-containing products outweighed the benefits of their uses,
> that Defendant failed to warn of the risks of harm associated with
> PCBs and PCB- containing products, and that Plaintiffs and the Class
> suffered property damage as a result of PCB contamination.** The terms
> of the Release, as set forth in the Settlement Agreement, can be found in
> the Addendum at the end of this Notice.

As noted in the emphasized language, there is contemplation that the release required to
obtain the settlement funds relates to all environmental claims related to PCBs.
Paragraph 41 of the Settlement Agreement further provides:

> "Released Claims" means all claims which were or could have been alleged
> in the Action, including but not limited to any claim for attorneys' fees,
> expenses, and costs. Nothing in this Settlement Agreement will preclude or
> affect any action under the Comprehensive Response, Compensation and
> Liability Act ("CERCLA") or similar state Superfund statutes and applicable
> regulations, or under any other laws or regulations.

Thus, unless a PCB-related claim could be brought specifically under CERCLA, the
release would apply to the claims. This is true whether that PCB-related claim involves
stormwater or not.

This Court has addressed the issue of whether a class action settlement should be
approved where the release is overly broad. In Marshall v. Northrop Grumman Corp. this
Court held:

> By releasing "any cause of action, demand, or claim on the basis of,
> connected with, or arising out of any of the Released Claims," the parties'

2

proposed settlement agreement "could capture claims that go beyond the
scope of the allegations in the operative complaint, which the Ninth Circuit
has held is inappropriate." See Willner v. Manpower, Inc., 2014 WL
4370694, at *7 (N.D. Cal. Sept. 3, 2014) (citing Hesse, 598 F.3d at 590).
The overly broad scope of this release is underscored by the expansive
interpretations that courts give to phrases such as "connected with" or
"arising out of." Cf. Yei A. Sun v. Advanced China Healthcare, Inc., 901
F.3d 1081, 1086 (9th Cir. 2018) (interpreting the phrase "relating to" a
particular agreement to cover "any disputes that reference the agreement
or have some 'logical or causal connection' to the agreement," and
explaining that the phrase "relating to" is synonymous with "in connection
with."). Because the scope of the proposed settlement agreement's release
of liability could extend to any cause of action that has a logical or causal
connection to the Released Claims, and is not limited to claims based on an
identical factual predicate, the proposed release of liability is
impermissible.

Marshall v. Northrop Grumman Corp., 469 F. Supp. 3d 942, 949–50 (C.D. Cal. 2020).

Just as in the Marshall case, because the proposed release here is not limited to those
claims based on identical factual predicates, except the very broad predicate that PCBs
are involved, the Court should reject the proposed settlement. Further, because the
litigation in the present matter has not involved any PCB-related claims other than those
related to stormwater systems and waterways, it would be impossible to analyze whether
the proposed settlement fairly compensates the released parties for all of the claims they
would release under the presently proposed settlement agreement.

For those reasons, we would request that the Court reject the proposed settlement
agreement.

Lastly, please note that at the present time, the City (through counsel or otherwise) does
not intend to appear at the Final Approval Hearing.

Thank you for your attention to this matter.

3

Honorable Fernando M. Olguin
Steven Weisbrot, Class Action Settlement Administrator
July 22, 2022
Page 4

Very truly yours,

CITY OF GREENFIELD                        WESOLOWSKI REIDENBACH & SAJDAK, S.C.

Michael J. Neitzke, Mayor                 Brian C. Sajdak, Greenfield City Attorney

P.O. Address:                             P.O. Address:
7325 W Forest Home Ave                    11402 W. Church St.
Greenfield, WI 53220                      Franklin, WI 53132
(414) 329-5200                            (414) 529-8900
                                          brian@wrslegal.net


cc:    Scott Summy, Esq.
       Carla Burke Pickrel, Esq.
       John Fiske, Esq.
       John Gomez, Esq.
       Richard Gordon, Esq.
       Martin Wolf, Esq.
       John R. Wertz, Esq.
       Mark D. Anstoetter, Esq.
       Brent D. Dwerlkotte, Esq.

4

**Exhibit B**
**Page 21**



Private Office:
Wesolowski, Reidenbach & Sajdak, S.C.
11402 W. Church St.
Franklin, WI 53132
(414) 529-8900

www.ci.mequon.wi.us                                          Office of the City Attorney

July 22, 2022

Honorable Fernando M. Olguin
U.S. District Court for the Central District of California
350 W. First Street
Los Angeles, CA 90012

Steven Weisbrot, Class Action Settlement Administrator
Angeion Group, LLC
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

   Re: City of Long Beach v. Monsanto Co, et al.
     CASE NO: 2:16-cv-03493-FMP-AS

Dear Judge Olguin and Administrator Weisbrot:

On behalf of the City of Mequon (the "City"), and pursuant to the terms of paragraph 98 of the
Class Action Settlement Agreement, please accept this correspondence as the City's objection to
the Settlement. The basis of the City's objection is that the proposed release required to obtain
the settlement funds is unnecessarily broad and exceed the scope of the litigation presently
before the Court.

As everyone is aware, this litigation stems from "the presence of PBCs in . . . stormwater and/or
dry-weather runoff systems."[1] All of the causes of action pled in this case center on the presence
of PCBs in stormwater systems and the waterbodies that those systems discharge into. Further,
all of the various settlement funds are established by virtue of a class member's situation as it
relates to their MS4 permits (e.g., Monitoring Fund members are those with an MS4 permit and
the presence of an impaired waterway; TMDL Fund members are those whose MS4 permit
contains a TMDL, etc.). Lastly, all of the information contained within the Notice of Class
Action Settlement relates to stormwater systems and waterways.

Paragraph 4 of the Notice of Class Action Settlement provides:

  Release. Plaintiffs and all Settlement Class Members who have not excluded
  themselves from the Class will release certain claims against the Defendant, its
  affiliates, certain predecessors and successors, and other parties set forth in the
  Settlement Agreement. This is referred to as the "Release." **Generally speaking,**
  **the Release will prevent any Settlement Class Member from bringing any**
  **lawsuit or making any claims that Defendant's PCBs and PCB-containing**

---

[1] Third Amended Complaint for Class Action, Document No. 201, ¶ 90.

Honorable Fernando M. Olguin
Steven Weisbrot, Class Action Settlement Administrator
July 22, 2022
Page 2

> **products were defectively designed, that the risks of environmental harm
> associated with PCBs and PCB-containing products outweighed the benefits
> of their uses, that Defendant failed to warn of the risks of harm associated
> with PCBs and PCB- containing products, and that Plaintiffs and the Class
> suffered property damage as a result of PCB contamination.** The terms of the
> Release, as set forth in the Settlement Agreement, can be found in the Addendum
> at the end of this Notice.

As noted in the emphasized language, there is contemplation that the release required to obtain
the settlement funds relates to all environmental claims related to PCBs. Paragraph 41 of the
Settlement Agreement further provides:

> "Released Claims" means all claims which were or could have been alleged in the
> Action, including but not limited to any claim for attorneys' fees, expenses, and
> costs. Nothing in this Settlement Agreement will preclude or affect any action
> under the Comprehensive Response, Compensation and Liability Act
> ("CERCLA") or similar state Superfund statutes and applicable regulations, or
> under any other laws or regulations.

Thus, unless a PCB-related claim could be brought specifically under CERCLA, the release
would apply to the claims. This is true whether that PCB-related claim involves stormwater or
not.

This Court has addressed the issue of whether a class action settlement should be approved
where the release is overly broad. In Marshall v. Northrop Grumman Corp. this Court held:

> By releasing "any cause of action, demand, or claim on the basis of, connected
> with, or arising out of any of the Released Claims," the parties' proposed
> settlement agreement "could capture claims that go beyond the scope of the
> allegations in the operative complaint, which the Ninth Circuit has held is
> inappropriate." See Willner v. Manpower, Inc., 2014 WL 4370694, at *7 (N.D.
> Cal. Sept. 3, 2014) (citing Hesse, 598 F.3d at 590). The overly broad scope of this
> release is underscored by the expansive interpretations that courts give to phrases
> such as "connected with" or "arising out of." Cf. Yei A. Sun v. Advanced China
> Healthcare, Inc., 901 F.3d 1081, 1086 (9th Cir. 2018) (interpreting the phrase
> "relating to" a particular agreement to cover "any disputes that reference the
> agreement or have some 'logical or causal connection' to the agreement," and
> explaining that the phrase "relating to" is synonymous with "in connection
> with."). Because the scope of the proposed settlement agreement's release of
> liability could extend to any cause of action that has a logical or causal connection
> to the Released Claims, and is not limited to claims based on an identical factual
> predicate, the proposed release of liability is impermissible.

Exhibit B
Page 23

Honorable Fernando M. Olguin
Steven Weisbrot, Class Action Settlement Administrator
July 22, 2022
Page 3

Marshall v. Northrop Grumman Corp., 469 F. Supp. 3d 942, 949–50 (C.D. Cal. 2020).

Just as in the Marshall case, because the proposed release here is not limited to those claims based on identical factual predicates, except the very broad predicate that PCBs are involved, the Court should reject the proposed settlement. Further, because the litigation in the present matter has not involved any PCB-related claims other than those related to stormwater systems and waterways, it would be impossible to analyze whether the proposed settlement fairly compensates the released parties for all of the claims they would release under the presently proposed settlement agreement.

For those reasons, we would request that the Court reject the proposed settlement agreement.

Lastly, please note that at the present time, the City (through counsel or otherwise) does not intend to appear at the Final Approval Hearing.

Thank you for your attention to this matter.

Very truly yours,

CITY OF MEQUON

Andrew Nerbun, Mayor

P.O. Address:
11333 N. Cedarburg Road
Mequon, WI 53092
(262) 242-3100

WESOLOWSKI REIDENBACH & SAJDAK, S.C.

Brian C. Sajdak, Mequon City Attorney

P.O. Address:
11402 W. Church St.
Franklin, WI 53132
(414) 529-9900
brian@wrslegal.net

cc:     Scott Summy, Esq.
        Carla Burke Pickrel, Esq.
        John Fiske, Esq.
        John Gomez, Esq.
        Richard Gordon, Esq.
        Martin Wolf, Esq.
        John R. Wertz, Esq.
        Mark D. Anstoetter, Esq.
        Brent D. Dwerlkotte, Esq.