# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LONG BEACH, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>Defendants. | Case No. CV 16-3493 FMO (ASx)<br><br>**LATE OBJECTION AND REQUEST FOR EXCLUSION** |

On October 13, 2022, the court received the following late-filed objection and request for exclusion. (See Dkt. 296, Court's Order of May 9, 2022, at 1). No later than **October 25, 2022**, plaintiffs shall file a response.

IT IS SO ORDERED.

Dated this 18th day of October, 2022.

/s/<br>
Fernando M. Olguin<br>
United States District Judge

Nancy E. Glowa
City Solicitor

Megan B. Bayer
Deputy City Solicitor

Elliott J. Veloso
First Assistant City Solicitor

*Assistant City Solicitors*
Paul S. Kawai
Diane O. Pires
Patrick C. Cento
Kate M. Kleimola
Sydney M. Wright
Evan C. Bjorklund
Franziskus Lepionka

*Public Records Access Officer*
Seah Levy



**CITY OF CAMBRIDGE**
Office of the City Solicitor
795 Massachusetts Avenue
Cambridge, Massachusetts 02139

October 12, 2022

Honorable Fernando M. Olguin
United States District Court for the Central District of California
350 W. First Street
Los Angeles, California 90012

Steven Weisbrot, Class Action Settlement Administrator
Angeion Group, LLC
1650 Arch Street, Suite 2210
Philadelphia, Pennsylvania 19103

    Re:    *City of Long Beach, et al.* v. *Monsanto Co., et al.*, Case No. 2:16-CV-03493
              Notice of Objection and Opt-Out, City of Cambridge, Massachusetts ("Opt-Out Notice")

Dear Judge Olguin and Administrator Weisbrot:

      On behalf of the City of Cambridge, Massachusetts (the "City" or "Cambridge"), please accept this correspondence as the City's objection to the proposed Monsanto Class Action Settlement Agreement (the "Settlement Agreement") and the City's request to opt out of the proposed Settlement in the event it is approved by the Court.

### Request to Opt-Out

      The City acknowledges that the date for filing objections and notices of intention to opt-out of the settlement has passed, but asks the Court for leave to file this Opt-Out Notice because the City's Law Department did not receive the notice of the proposed Settlement until well after it was sent to the City, and did not speak with Plaintiffs' counsel about the scope and effect of the Settlement Agreement until recently. Moreover, no Party will be prejudiced by the City's request, since the City understands that at least eighty-five entities have already opted-out of the proposed Settlement Agreement and one additional Opt-Out entity will not create any significant administrative or other burden. Finally, the City should not be compelled to enter a Settlement Agreement to which it objects (for the reasons discussed further below), and because any

nominal benefit the City would realize from the Settlement is outweighed by the overly broad scope of release in the proposed Settlement Agreement.

## Objection to Proposed Scope of Release

As all parties are aware, this litigation stems from "the presence of PCBs in storm water and/or dry-weather runoff systems.'" All of the causes of action pled in this case center on the presence of PCBs in stormwater systems and the waterbodies that those systems discharge into. Further, all of the various settlement funds are established by virtue of a class member's situation as it relates to their MS4 permits (e.g., Monitoring Fund members are those with an MS4 permit and the presence of an impaired waterway; TMDL Fund members are those whose MS4 permit contains a TMDL, etc.). Lastly, all of the information contained within the Notice of Class Action Settlement relates to stormwater systems and waterways.

Paragraph 4 of the Notice of Class Action Settlement provides:

> Release. Plaintiffs and all Settlement Class Members who have not excluded themselves from the Class will release certain claims against the Defendant, its affiliates, certain predecessors and successors, and other parties set forth in the Settlement Agreement. This is referred to as the "Release." **Generally speaking, the Release will prevent any Settlement Class Member from bringing any lawsuit or making any claims that Defendant's PCBs and PCB-containing products were defectively designed, that the risks of environmental harm associated with PCBs and PCB-containing products outweighed the benefits of their uses, that Defendant failed to warn of the risks of harm associated with PCBs and PCB-containing products, and that Plaintiffs and the Class suffered property damage as a result of PCB contamination.** The terms of the Release, as set forth in the Settlement Agreement, can be found in the Addendum at the end of this Notice.

As noted in the emphasized language, there is contemplation that the release required to obtain the settlement funds relates to all environmental claims related to PCBs. Paragraph 41 of the proposed Settlement Agreement further provides:

> "Released Claims" means all claims which were or could have been alleged in the Action, including but not limited to any claim for attorneys' fees, expenses, and costs. Nothing in this Settlement Agreement will preclude or affect any action under the Comprehensive Response, Compensation and Liability Act ("CERCLA") or similar state Superfund statutes and applicable regulations, or under any other laws or regulations.

Thus, unless a PCB-related claim could be brought specifically under CERCLA, the release would apply to the claims. This is true whether that PCB-related claim involves storm water or not.

This Court has addressed the issue of whether a class action settlement should be approved where the release is overly broad. In *Marshall* v. *Northrop Grumman Corp.* this Court held:

> By releasing "any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims," the parties' proposed settlement agreement "could capture claims that go beyond the scope of the allegations in the operative complaint, which the Ninth Circuit has held is inappropriate." *See Willner* v. *Manpower. Inc.,* 2014 WL 4370694, at *7 (N.D. Cal. Sept. 3, 2014) (citing *Hesse*, 598 F.3d at 590). The overly broad scope of this release is underscored by the expansive interpretations that courts give to phrases such as "connected with" or "arising out of." *Cf. Yei A. Sun* v. *Advanced China Healthcare. Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (interpreting the phrase "relating to" a particular agreement to cover "any disputes that reference the agreement or have some 'logical or causal connection' to the agreement," and explaining that the phrase "relating to" is synonymous with "in connection with."). Because the scope of the proposed settlement agreement's release of liability could extend to any cause of action that has a logical or causal connection to the Released Claims, and is not limited to claims based on an identical factual predicate, the proposed release of liability is impermissible.

*Marshall* v. *Northrop Grumman Corp.*, 469 F. Supp. 3d 942, 949-50 (C.D. Cal. 2020).

Just as in the *Marshall* case, because the proposed release here is not limited to those claims based on identical factual predicates, except the very broad predicate that PCBs are involved, the Court should reject the proposed settlement. Further, because the litigation in the present matter has not involved any PCB-related claims other than those related to storm water systems and waterways, it would be impossible to analyze whether the proposed settlement fairly compensates the released parties for all of the claims they would release under the presently proposed settlement agreement. For those reasons, we would request that the Court narrow the scope of the release in the proposed settlement agreement accordingly.

## Conclusion

For the reasons set forth above, the City respectfully request that the Court allow it to opt-out of the proposed settlement, and/or that the Court narrow the scope of the proposed release in the Settlement Agreement to cover just the presence of PCBs in stormwater. Lastly, please note that at the present time. the City (through counsel or otherwise) does not intend to appear at the Final Approval Hearing.

Thank you for your attention to this matter.

Respectfully submitted,

| | |
|---|---|
| **CITY OF CAMBRIDGE** | **OLSON LAW OFFICE** |
| Nancy E. Glowa, City Solicitor | George E. Olson, Esquire |
| City of Cambridge | Olson Law Office |
| 795 Massachusetts Avenue | 20 Phillips Avenue |
| Cambridge, MA 02139-3201 | Rockport, MA 01966 |
| (617) 349-4121 | (617) 901-6949 |
| nglowa@cambridgema.gov | golson@gedolsonlaw.com |

cc:   Scott Summy, Esq. (via First Class Mail and email (ssummy@baronbudd.com))
      John P. Fiske, Esq. (via First Class Mail and email (Fiske@baronbudd.com))

Honorable Fernando M. Olguin
U.S. District Court for the Central Dist. of Calif.
350 W. First Street
Los Angeles, California 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 13 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

**PRIORITY MAIL EXPRESS®**

UNITED STATES POSTAL SERVICE®

Retail
US POSTAGE PAID
$27.90
Origin: 02139
10/12/22
2401020139-20

PRIORITY MAIL EXPRESS 1-DAY®
0 Lb 2.10 Oz
1007
C058
SCHEDULED DELIVERY DAY: 10/13/22 06:00 PM

SHIP FROM:
EVAN BJORKLUND
795 MASSACHUSETTS AVE
CAMBRIDGE MA 02139-3201
(000) 000-0000

SHIP TO:
(000) 000-0000
HONORABLE FERNANDO M OLGUIN
350 W 1ST ST
LOS ANGELES CA 90012-4536

USPS TRACKING® #
9570 1129 8134 2285 6047 44

EP13F May 2020
PS10001000006